UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBA

| | |
|---|---|
| Richard J. Tappan,<br>1629 K St. NW, Ste 300<br>Washington, DC 20006<br><br>    Plaintiff,<br><br>vs.<br><br>Experian,<br>NCAC<br>P.O. Box 2002<br>Allen, TX 75013<br><br>    Registered Agent,<br><br>CT CORPORATION SYSTEM<br>1015 15th Street, NW Suite 1000<br>Washington, DC 20005<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, DC CODE § 28-3814, THE FAIR DEBT COLLECTION PRACTICES ACT, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COMES NOW, the PLAINTIFF, Richard J. Tappan, Esq., respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendant, EXPERIAN, Inc., (hereafter "Defendant"), and their, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA"), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA"), and DC CODE SECTION 28-3814. An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. Venue is proper, because many of the relevant events occurred within Washington, DC, which is located within this District.

3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

4. This is an action brought by a consumer for violations of the above named Acts in connection with purported debts appearing on the Plaintiff's consumer report, and the defendant's refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and demanding legitimate validation of the derogatory entries. Thus, the plaintiff seeks damages and, injunctive and declaratory relief.

## PARTIES

5. The Plaintiff is a natural person who primarily conducts business within Washington, DC.

6. The Defendant is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.

## FACTS

7. Plaintiff is a member of the DC Bar and a consumer.

8. Plaintiff has suffered monetary damages as a result of derogatory entries on his credit report as reported by Defendant.

9. Plaintiff has mailed letters to Defendant demanding that these entries either be verified or removed from Plaintiff's credit report.

10.    Defendant has neither verified, nor removed these entries.

## DAMAGES

11.    The allegations in paragraphs 1 through 10 of this Complaint are re-alleged and incorporated by reference.

12.    The Defendant's law practice suffered actual monetary damages in the amount of $278,563.27 as a result of business lost as a direct result of the alleged debts on Plaintiffs credit report.

13.    The Defendant personally lost out on equity positions equaling $523,829.00 in lost residential and commercial property transactions as a direct result of the alleged debts on Plaintiffs credit report.

## COUNT 1- VIOLATION OF THE FAIR
## DEBT COLLECTION PRACTICES ACT

14.    The allegations of paragraphs 1 through 13 of this Complaint are re-alleged and incorporated by reference.

15.    DC Code § 28-3814  causes the provisions of the Fair Debt Collections Act to be imputed to all individuals and corporations who use instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another.

16.    The Defendant violated the FDCPA by violation of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt and violations of § 1692e communicating information which is known to be false.

17.    The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

## COUNT 2- VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT

18.    The allegations of paragraphs 1 through 40 of this Complaint are re-alleged and incorporated by reference.

19.    The Defendant, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

21.    The Defendant, did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

22.    The Defendant failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

23.    The Defendant failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received.

24.    The Defendant failed to report the results of the investigation findings on the credit report that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

25.    The Defendant failed to report the results of the investigation on their credit report as required 15 U.S.C. § 1681s-2(b)(1)(C).

26.    The Defendant never verified that the disputed information was accurate nor complete, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). This is evidence of willful noncompliance on the part of the Defendant.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

27.    For preliminary and permanent injunctive relief, enjoining the Defendant and their agents and employees from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, and DC code § 28-3814.

(B) For preliminary and permanent injunctive relief, enjoining  the Defendant and their agents and

employees from:

28.     Continuing to report any entry on Plaintiff's credit report unless they can verify it with a signed instrument or contract personally binding Plaintiff to said debt.

29.     Attempting in any way to impugn the Plaintiff's reputation as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

30.     For an order awarding actual damages against Defendant Experian in the amount of $802,392.27.

31.     For an order awarding statutory damages against Defendant Experian, for violations of the Fair Debt Collection Practices Act, in the amount of $6,000.00; for violations of the Fair Credit Reporting Act, in the amount of $6,000.00; for violations of DC code § 28-3814 in the amount of $6,000.00.

32.     For an order awarding punitive damages against Defendant Experian int the amount of $3,000,000.00

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

                                                                                              _____

Richard J. Tappan, Esq.
DCB #499813
1629 K Street, NW Suite 300
Washington, DC 20006
571-276-9681