IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD J. TAPPAN, | ) | |
| | ) | CIVIL ACTION NO. 1:10-CV-01782-RMC |
| PLAINTIFF, | ) | |
| | ) | FAIR CREDIT REPORTING ACT, |
| VS. | ) | 15 USCA §§ 1681 ET SEQ. |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| EXPERIAN INFORMATION SOLUTIONS, INC | ) ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) ) | |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Plaintiff, Richard J. Tappan, (hereinafter the ''Plaintiff'') by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act), and for the common law tort of defamation.

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p), 28 U.S.C. § 1367 and 28 U.S.C. § 1331.

3. The Plaintiff is a natural person and resident of the State of Virginia. He is a ''consumer'' as defined by 15 U.S.C. § 1681a(c).

4.      Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC ("EXPERIAN") is a corporation incorporated under the laws of the State of Ohio authorized to do business in the District of Columbia through its registered agent.

5.      Upon information and belief, EXPERIAN is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6.      Upon information and belief, EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

7.      Upon information and belief, on or about September 30, 2010 Plaintiff sent letters, (the "Validation Letters") to EXPERIAN Information Solutions, INC requesting validation in the form of a signed agreement binding him to accounts from various creditors (the "Creditors") being reported on his credit report in error.  Those Creditors include but are not limited to the following:  HSBC Bank, Chase Bank USA NA, Bank of America, Professional Account MGM and Verizon VA

8.      The Validation Letters placed EXPERIAN on notice that Plaintiff had lost, and continues to lose business due to the erroneous and derogatory information being reported by EXPERIAN.

9.      Upon information and belief, on or about October 18, 2010 Plaintiff attempted to resolve and settle this suit.

10.     Subsequently, Plaintiff requested and received a copy of the credit file of the Plaintiff compiled and maintained by EXPERIAN (the "EXPERIAN credit report").

11. Within the EXPERIAN credit report, EXPERIAN continues to report that Plaintiff had opened and was responsible for the credit accounts, which note accounts are still outstanding and have a derogatory payment history (the "Derogatory Reports'').

12. These representations are false.

13. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, EXPERIAN did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Creditors' representations.

14. In the alternative to the allegation that EXPERIAN failed to contact the Creditors, it is alleged that EXPERIAN did forward some notice of the dispute to the Creditors and the Creditors failed to conduct a lawful investigation.

FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

15. The Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16. EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

17. As a result of this conduct, action and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of business opportunity afforded by virtue of Plaintiff's credit, the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

18.     EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

19.     The Plaintiff is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

20.     Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21.     EXPERIAN violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Creditors; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

22.     As a result of this conduct, action and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit; loss of business opportunity afforded by virtue of Plaintiff's credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

23.     EXPERIAN's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

24.     The Plaintiff is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## THIRD CLAIM FROM RELIEF AGAINST EXPERIAN

25.     Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

26.     EXPERIAN published the Creditors' representations to all of Plaintiff's potential lenders on multiple occasions, including but not limited to the report published just prior to September 30, 2010 and which formed the basis of the EXPERIAN letters (the ''Defamation'').

27.     The Defamation was willful and with malice. EXPERIAN did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Creditors' representation. It also had evidence by which to have verified that the Plaintiff was not the person who had applied and contracted for the credit. EXPERIAN willfully determined to follow procedures which did not review, confirm or verify the identity of persons to whom money was lent. Further, even if EXPERIAN would attempt to plead ignorance prior to September 30, 2010, it had all of the evidence and information with which to confirm and recognize the Plaintiff had not signed a credit application and was not obligated upon the Creditors' accounts after the events previously alleged in this complaint.

28.     As a result of this conduct, action and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit; loss of business opportunity afforded by virtue of Plaintiff's credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

29. The Defamation, conduct and actions of EXPERIAN were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against EXPERIAN in an amount to be determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Your Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted this 25th day of February, 2011.

Richard Tappan
By Counsel

Aimee Jessica Davis,
DC Bar No. 979096

A Davis Law Firm, P.A.
1629 K Street, N.W. Suite 300
Washington, DC 20006
Phone: 703.864.6524
Fax: 888.202.8896
Email: aimee.davis@adavislawfirm.com

## CERTIFICATE OF SERVICE

I, Aimee Jessica Davis, an attorney in this Court, certify that on February 25, 2011, I served the foregoing **PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the required email address: dcd_cmecf@dcd.uscourts.gov of the CM/ECF system, which will send notification of such filing to the following at his e-mail address on file with the

Court to:

Joseph W. Clark, Esq. (DC Bar# 468782)
Miguel F. Eaton, Esq. (DC Bar# 983157)
Jones Day
51 Louisiana Ave., NW
Washington, DC 20001
202.879.3939 (phone)
202.626.1700 (fax)
jwclark@jonesday.com
meaton@jonesday.com
Counsel for Defendant
Experian Information Solutions, Inc

*/s/ Aimee Jessica Davis*
Aimee Jessica Davis